## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

MARLIN J. BROWN                                                      **PLAINTIFF**

v.                                          **CIVIL ACTION NO. 5:18-CV-P33-TBR**

RODNEY MORGAN *et al.*                                               **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for screening of *pro se* Plaintiff Marlin J. Brown's

complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, Plaintiff's official-

capacity claims will be dismissed, but Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff is a pretrial detainee at McCracken County Jail (MCJ). He names two

individuals as Defendants in this action – Rodney Morgan and Tonia Ray, the MCJ Jailer.

Plaintiff allegations indicate that Defendant Morgan is a guard at the MCJ. Plaintiff sues both

Defendants in their official capacities only.

The incident described in the complaint allegedly occurred on February 10, 2018.

Plaintiff signed his complaint on February 16, 2018. In the grievance attached to the complaint,

Plaintiff states as follows:

> I was maced during early this morning. Some guys in my cell were horseplaying,
> the guards come in and one of them Rodney sprayed his mace. I was laying on my
> mat on the floor the mace hit me in the face soaking my blanket, commissary items,
> and pieces of paper. After the event, I was taken to the front, told to shower, wash
> my face. My clothes had spray on them so they took my clothes wash them sent
> me back to my cell. My bedding had spray on it. I had to throw commissary items
> I bought away. My skin is very sensitive and burns still, I can still feel it on my
> throat + my vision is blurry. I have repeatedly asked to be seen by the medical staff
> and have been treated (rudely) by this shift. They will not bring me new face towels
> or bath towels. I'm having severe anxiety and am begging for help. I also received
> a mark on my back as a result of the mace.

In what appears to be a continuation of his grievance, Plaintiff indicates that the mace made him "throw[] up from cell blocks up to booking area, couldn't breath, my asthma has flared up very bad. Anxiety has gotten real bad." He continues:

> The spray was so bad it started eating my skin up on my back and face. I was asking for medical and they wouldn't give it to me saying nothing is wrong with me it's nothing but pepper. But my skin is different from everyone else's. My skin is still burning and hurting from it, and they seem to don't care been all rude and mean to me, and denied my medical is the hurt part because I'm still not 100% . . . I'm still like wanna know why my skin is burning the way it is . . . They won't give me a different towel or face towel they had to took my other one's . . .

In the complaint itself, Plaintiff lists the following as injuries from his alleged exposure to mace - blurry vision, aggravated asthma, difficulty breathing, irritated sensitive skin, rash, anxiety, and vomiting.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v.*

*Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

As stated above, Plaintiff sues both Defendants in their official capacities only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the claims brought against Defendants in their official capacities are deemed claims against their employer, McCracken County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to the second prong, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular

injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff's allegations concern a one-time incident. In addition, Plaintiff does not claim that any alleged violation of his constitutional rights occurred as the result of a policy or custom implemented or endorsed by McCracken County. Accordingly, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Although Plaintiff did not sue Defendants in their individual capacities, the Court will consider whether his allegations could state claims against Defendants in this capacity to determine whether Plaintiff should be allowed to amend his complaint. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

#### 1. Defendant Ray

Because Plaintiff does not make specific allegations against Defendant Ray in the complaint, it appears that he is attempting to hold her liable in her role as jailer. However, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell,* 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Indeed, "a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff has failed to allege that Defendant Ray was actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, finds that allowing Plaintiff to amend his complaint to sue Defendant Jailer Ray in her individual-capacity would be futile because any such claim would fail to state a claim upon which relief can be granted.

### 2. Defendant Morgan

Based upon the allegations contained in the complaint and its attachments, the Court will allow Plaintiff to amend his complaint to sue Defendant Morgan in his individual-capacity. In his amended complaint, Plaintiff should clarify whether Defendant Morgan was one of the jail officials who allegedly denied him access to medical care following his exposure to mace.

### 3. Other Defendants

Plaintiff uses the pronoun "they" to describe who denied him access to medical care. The Court will provide Plaintiff the opportunity to amend his complaint to name as Defendants any other jail officials who allegedly denied him access to medical treatment following his exposure

to mace.  If Plaintiff chooses to add any additional Defendant(s), he should sue each new Defendant in his/her individual capacity and describe how he/she denied him access to medical care.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint**.  **To proceed with this action, Plaintiff must indicate whether he intends to sue Defendant Morgan in his individual capacity.  Plaintiff should also indicate whether Defendant Morgan was involved in denying him medical treatment following Plaintiff's alleged exposure to mace.  Finally, Plaintiff should name as Defendants any other jail officials who allegedly denied him access to medical care following his exposure to mace and sue these Defendants in their individual capacities.**  Plaintiff must submit a completed summons form for each newly added Defendant within the same 30-day period.[1]

The Court will conduct an initial review of Plaintiff's amended complaint pursuant to § 1915A.  **Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

---

[1] Regarding the completion of the summons forms, Plaintiff must: (1) prepare a summons for each Defendant sued; (2) write or type Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the defendants.

**The Clerk of Court is DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" written in the caption along with four blank summons forms.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney
4413.011